No. 119,773

## IN THE COURT OF APPEALS OF THE STATE OF KANSAS

B.O.A., a Minor, By and Through L.O., Next Friend,
*Appellee*,

v.

U.S.D. 480 BOARD OF EDUCATION,
*Appellant*.

### SYLLABUS BY THE COURT

1.

A district court has jurisdiction to review and modify a school board's decision under K.S.A. 60-2101(d).

2.

When an appeal is taken under K.S.A. 60-2101(d), the district court may not substitute its judgment for that of the political or taxing subdivision or agency and the court's scope of review is limited to deciding whether the board's decision was within the scope of its authority; its decision was substantially supported by the evidence; and it did not act fraudulently, arbitrarily, or capriciously.

3.

An appellate court exercises the same statutorily limited review of a political or taxing subdivision action as the district court.

Appeal from Seward District Court; BRADLEY E. AMBROSIER, judge. Opinion filed March 15, 2019. Affirmed.

1

*Lane L. Frymire* and *Richard R. Yoxall*, of Yoxall, Antrim, Foreman & Frymire, LLP, of Liberal, for appellant.

*Kelly Premer Chavez*, of Tahirkheli & Premer-Chavez Law Office, LLC, of Liberal, for appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

HILL, J.:  Good government requires political and taxing subdivisions to give reasons for imposing penalties such as expulsion from public schools. In this appeal of a student's expulsion, the U.S.D. 480 Board of Education failed to give any reason why it increased the length of that student's expulsion to the statutory maximum when it reviewed the decision of the school superintendent. When the student appealed to the district court, it held that the Board's action of increasing the length of this student's expulsion was arbitrary, capricious, and unreasonable. The court then modified the Board's order by reducing the term of the student's expulsion to the length suggested by the superintendent of schools. Finding no error, we affirm.

To aid the understanding of the facts, we offer a brief outline of the procedures used to expel this public school student. Review of this expulsion extended through several layers. First, the student's school principal made her recommendation. This was followed by a formal hearing before a school district hearing officer. After that, the school district superintendent reviewed the matter. And, finally, the Board of Education reviewed the superintendent's findings and recommendations and considered whether to expel the student and if so, for how long. This student, aggrieved by this process, sought review of the school district's actions by the district court under K.S.A. 60-2101(d). Here is what happened.

*A middle school reacted to threats posted on social media.*

In January 2018, a student at the Eisenhower Middle School in U.S.D. 480 alerted Principal Randi Jones that posts on social media were threatening a school shooting. Screen shots of the posted threats showed that the shooting was to occur on Wednesday, January 17.

School officials reported the threats to the Liberal Police Department for investigation. The police investigation determined that B.O.A. was responsible for posting at least one of the threats. B.O.A. was enrolled as a seventh grader at the school. He acknowledged to the police that one of the threatening posts was his by placing a checkmark by it and writing his name. That post stated, "Lets [*sic*] start a school shooting starting with EMS."

When she learned that the police believed B.O.A. was responsible for one of the threats, Principal Jones told him and his mother that she had placed him on an immediate 10-day school suspension. Later, while suspended from school, B.O.A. wrote a letter of apology to the principal and the school district. In it he stated that he intended the post as a joke, but that it went too far. He asked for forgiveness and the opportunity to continue going to school.

The principal then notified the student and his parents that she proposed a 186-day expulsion for B.O.A. This notice alleged that his conduct violated several statutory provisions which called for his expulsion. The notice also told him that he was entitled to a formal hearing. B.O.A. requested a formal hearing.

His formal hearing was held by Michael Stovall, Director of District Systems for the school district. At the hearing, Principal Jones, the assistant principal, B.O.A., and his parents attended. Both of B.O.A.'s parents spoke. They both acknowledged "he did do

3

wrong," but that he was a good kid who behaves at home, and was otherwise responsible. They described his general demeanor as shy, and stated he lacked self-esteem and was easily influenced by others. They asked for another opportunity for their son.

Hearing Officer Stovall spoke to B.O.A. and told him that school districts cannot take such threats as "just a prank," and told him that his actions caused disruption within the school district. Stovall went on to say that by "typing that" on his phone, B.O.A. showed he did not understand the consequences of his actions.

The hearing officer found that B.O.A.'s conduct met four specified statutory criteria to justify his expulsion and ordered his expulsion for 186 school days. This is the maximum expulsion allowed by statute. See K.S.A. 72-6115(a). Basically, his decision affirmed what the principal had suggested. Stovall told B.O.A. and his parents that he could file a written appeal with school superintendent Renae Hickert. They did so.

When Superintendent Hickert convened the expulsion appeal hearing, she received several exhibits and heard testimony from Principal Jones, Hearing Officer Stovall, some law enforcement officers, another student, a parent of other students, and B.O.A.'s mother. In her decision, Hickert made 18 detailed findings of fact about the time line of events, as well as findings related to the police investigation and the effects this had on the schools.

In her decision, Hickert found that:
- B.O.A. admitted he made some threats against the middle school on social media;
- he identified one threat in particular by a checkmark and writing his name next to it;

- he had written an apology letter asking for forgiveness for his conduct, and the timing and context of his letter showed the conduct for which he apologized was the posted threat against the school;

- the police investigation determined that B.O.A. posted some threats on social media;

- Principal Jones' testimony at the hearing showed that the social media threats disrupted and interfered with the school because school resources were diverted from normal operations to attend to concerns of students, faculty, and staff, and to assist law enforcement in the investigation;

- Jones suggested that nearly half of the student body was absent on the day the threatened shooting was to take place because concerned parents kept their children from school that day;

- B.O.A. and his parents acknowledged and admitted—in the context of Stovall's hearing—that he made the threats;

- Stovall testified that B.O.A.'s conduct violated the middle school student code of conduct, and that the threats met several categories of conduct prohibited by statute which warranted expulsion; and

- law enforcement officials determined that the threats were criminal and would constitute a felony if committed by an adult.

Finally, Hickert specified the statutory categories of conduct that could warrant expulsion. Basically, she ruled that four grounds that allow a school district to expel a public school student were proved here. See K.S.A. 72-6114(a)-(d). She found that witness testimony—including B.O.A.'s testimony—established that he violated a published student code of conduct when he made threats of a school shooting on social media that targeted the middle school. Hickert found that this act of making the threats substantially disrupted, impeded, and interfered with the operation of the school, and endangered the safety of others or substantially impinged upon or invaded the rights of

5

others at the school. She also found that B.O.A.'s threats would constitute a felony if committed by an adult. Based on these findings, she recommended that he should be expelled from the middle school and U.S.D. 480 for the remainder of the 2017-2018 school year, and be allowed to return at the beginning of the fall semester for the 2018-2019 school year. The issue then went on to the Board of Education.

At the Board's next regular meeting, neither B.O.A. nor his parents attended. After first considering the matter in executive session with its counsel, the Board found that further hearing on the matter was unnecessary. It adopted Superintendent Hickert's 18 findings. But, contrary to her recommendation, the Board expelled B.O.A. for 186 school days, beginning January 29, 2018.

*The parties come to court.*

In his appeal to the district court, B.O.A. alleged U.S.D. 480 violated his due process rights by not allowing him and his parents to attend the board meeting when his fate was decided and deciding the matter in executive session with the Board's lawyer. He also appealed the determinations that he violated a published regulation for student conduct, endangered the safety or rights of others, and substantially disrupted or interfered with the operation of the school. He argued that he had not been convicted of a felony and claimed that the Board did not follow the law by failing to adopt Hickert's recommendation that he be allowed to return to school for the 2018-2019 school year.

The Board argued that it acted within the law and had the statutory authority to expel B.O.A. The Board contended there was substantial evidence to support its decision to expel him and adopt Hickert's findings. In its view, there was no evidence to show it acted fraudulently, arbitrarily, or capriciously in expelling B.O.A.

6

After reviewing all the evidence from the prior proceedings, the district court was unable to learn the exact nature of B.O.A.'s involvement in making the threats. But the court still found there was "no doubt B.O.A. had some level of involvement regarding the electronic statements," and speculated he allowed a friend to use his device to transmit the threats. The court observed that Hickert—after hearing all the evidence—found it appropriate to expel him through the end of the school year.

The court agreed that the Board's decision was arbitrary and capricious, and granted B.O.A. the relief he requested—limiting his expulsion to the spring of 2018 and allowing him to return to school in the fall of 2018. While doing so, the court declined to rule on his due process argument.

The Board appealed, arguing the court substituted its judgment for the Board's. B.O.A., however, did not cross-appeal. We note that under K.S.A. 2017 Supp. 60-2103(h), an appellee must file a notice of cross-appeal from adverse rulings to obtain appellate review of those issues. See *Lumry v. State*, 305 Kan. 545, 553-54, 385 P.3d 479 (2016). Thus, we will not consider B.O.A.'s due process claims because we are without jurisdiction to consider them.

*This is an appeal by a taxing subdivision of state government.*

To us, the Board argues that the district court disregarded B.O.A.'s admission of making the social media statement. It reweighed the evidence and substituted its judgment for that of the Board when it modified B.O.A.'s term of expulsion. The Board contends that the district court did not determine whether the Board's findings were substantially supported by the evidence. The Board also contends that its decision *to* expel him was supported by substantial evidence, and thus was not arbitrary or capricious. We note, however, the Board's findings of fact are not in dispute, and the district court affirmed the Board's decision to expel B.O.A.

The district court had jurisdiction to review and modify the Board's decision under K.S.A. 60-2101(d). When an appeal is taken under this statute, the district court may not substitute its judgment for that of the political or taxing subdivision or agency and the court's scope of review is limited to deciding whether:

- The Board's decision was within the scope of its authority;
- its decision was substantially supported by the evidence; and
- it did not act fraudulently, arbitrarily, or capriciously.

See *Denning v. Johnson County Sheriff's Civil Service Bd.*, 299 Kan. 1070, 1075, 329 P.3d 440 (2014).

*We review the district court's ruling.*

The district court here did not conclude that the Board's decision to expel B.O.A. was outside the scope of its authority, but found that the Board's decision to expel him for the maximum period allowed by law—186 school days—was unsupported by its adopted findings of fact and the record as a whole, and was therefore arbitrary and capricious. See K.S.A. 72-6115(a). Essentially, the district court found the Board acted arbitrarily and capriciously when it adopted all of Hickert's factual findings, but without further hearing or explanation, ignored her recommendation to limit B.O.A.'s expulsion to the remainder of the school year.

To dispute an expulsion, a student must appeal the school board's decision to the district court under K.S.A. 60-2101(d): "A judgment rendered or final order made by a political or taxing subdivision, or any agency thereof, exercising judicial or quasi-judicial functions *may be reversed, vacated or modified* by the district court on appeal." (Emphasis added.) Here, having found that the evidence and factual findings did not support the maximum term of expulsion, the district court modified the Board's decision by limiting the period of expulsion to the current school term.

8

An appellate court exercises the same statutorily limited review of the agency's action as the district court. It is as though the appeal had been made directly to the appellate court. *Carlson Auction Service, Inc. v. Kansas Corporation Comm'n*, 55 Kan. App. 2d 345, 349, 413 P.3d 448 (2018). Thus, we must determine whether the Board's decision on the length of B.O.A.'s expulsion was supported by the evidence or, given the record as a whole, was arbitrary and capricious. See *Butler v. U.S.D. No. 440*, 244 Kan. 458, 463, 769 P.2d 651 (1989).

The Board, in its brief, does not address the district court's actual finding that imposing the maximum term of expulsion given all the evidence in the case was arbitrary and capricious. Issues not adequately briefed are considered waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). A point raised incidentally in a brief and not argued therein is also considered abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017).

While the district court found substantial evidence to support expulsion, it found other evidence detracted from imposing the statutory maximum term of that expulsion:

> "While it is easy to sympathize with the Board in their attempt to send a tough message to those who may be engaged in this type of conduct, there is simply nothing in the fact pattern of this case which substantiates the harshest penalty being imposed. Ms. Hickert, who heard all the testimony live, obviously reached the conclusion that while B.O.A. had some involvement, his culpability did not support the most severe sanction. The Board, armed with no additional evidence, in effect doubled the punishment invoked by Ms. Hickert. The Court can find absolutely no justification in the record for that determination and, therefore, finds the same to be unreasonable and without foundation in fact."

The judge was concerned about the total lack of reasoning offered by the Board. A court, when reviewing an agency decision, cannot read minds.

9

Because we review the same record, we share a similar concern. We have no doubt that B.O.A. made a threat against the middle school on social media. Indeed, he does not argue on appeal that his expulsion should be reversed. Instead, he contends only that the district court was right to modify his term of expulsion by reducing it from the statutory maximum set by the Board.

Indeed, the record reveals facts that detract from the Board's maximum imposed term. B.O.A.'s post was made in the context of other posts that supported his claim that it was a joke that went too far. He accepted responsibility for posting the threat, and asked for forgiveness and the opportunity to return to school. The police investigation discovered B.O.A. could not carry out his threat.

Simply put, the trouble with the Board's position is that it fails to offer any explanation in the record why it imposed the maximum period of expulsion instead of following Superintendent Hickert's recommendation. After the Board came out of executive session it gave no reasons why it increased the period of expulsion.

This meant that there was no administrative record for the district court to work with in trying to decide the reasonableness of the Board's decision. We, too, have no record to review on this point. The district court, seizing on Hickert's well-reasoned and well-supported work, ruled that the shorter period of expulsion was reasonable. We cannot say that was erroneous.

The district court confirmed that the parties were arguing over the term of B.O.A.'s expulsion, not the expulsion itself. The court then reviewed all the evidence in the context of the record as a whole and determined that the term of expulsion was unsupported by the Board's findings. This was not a mere substitution of the district court's judgment for that of the Board. The district court appropriately reviewed the record in its full context

10

and decided that the Board increased B.O.A.'s expulsion without giving a reason. When a government agency or subdivision acts without explanation, it acts arbitrarily.

The district court acted within its scope of review and is affirmed.